**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EVELYN SEYMOUR,

        Plaintiff,

vs.                                          CASE NO. 3:04-cv-314-J-TEM
                                                     **and** 3:97-cv-1166-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

**O R D E R**

This matter is before the Court on Plaintiff's Amended Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) in both *Seymour v. Comm'r of Soc. Sec.*, 3:04-cv-314-J-TEM and in *Seymour v. Comm'r of Soc. Sec.*, 3:97-cv-1166-J-TEM (Doc. #39, Petition). Plaintiff's counsel seeks an award under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case (Doc. #39 at 14-19). In this instance, Plaintiff's counsel requests that the Court award $11,555.28 in fees pursuant to 42 U.S.C. § 406(b) ($5,521.80 in case 3:04-cv-314-J-TEM and $6,033.48 in case 3:97-cv-1116-J-TEM), which is less than twenty-five percent of the Plaintiff's past due benefits (Doc. #39 at 3-4).

The Commissioner filed a response to the instant motions (Doc. #40),[1] wherein he asserts that he is not opposed to Plaintiff's requested relief.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall

---

[1]The Commissioner only filed a response in case 3:04-cv-314-J-TEM; however, it is clear from the response that it is intended to apply to case 3:97-cv-1116-J-TEM as well (*see* Doc. #40).

not exceed twenty-five percent of the past-due benefit awarded. Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (*quoting Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee to be reasonable. The instant motion indicates counsel's normal hourly fee for non-contingent services in 2005 was $155.59 per hour (Doc. #39 at 4). The Court has noted that $250 per hour constitutes a normal hourly rate for Social Security appeals within the district, and multipliers for the contingency fee nature of these cases range up to 2.5 times the normal rate. The sum requested by counsel for Plaintiff is not so large as to result in a windfall.

The Court's review of this case under the factors referenced in *Gisbrecht* reveals the following:

1. Social Security is one of the primary areas of counsel's law practice.
2. After an unfavorable ALJ and Appeals Counsel decision(s) counsel began representing Plaintiff and wrote memorandums to this Court in support of his

        client's position. The memorandums were ultimately persuasive to the requested sentence four remand(s).

3. The record(s) available to the Court do not evidence any delays caused by Plaintiff's counsel.

4. Counsel reportedly spent 14.66 hours working on case 3:04-cv-314-J-TEM and 20.75 hours working on case 3:97-cv-1116-J-TEM, an amount of time the Court finds reasonable based on the complexity of the case(s).

5. Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6. As stated above, counsel's normal hourly rate for cases of a non-contingency nature is in line with the established baseline figure of $250 per hour for Social Security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of Social Security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a fee award for federal court representation of $625 per hour. Plaintiff's counsel is requesting amounts less than $625 per hour for time spent pursuing these matters in federal court.[2]

---

[2]Taking the amount Plaintiff seeks from both the instant cases in conjunction with the administrative fee, Plaintiff is only seeking a combined hourly rate of $489.93.

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Amended Petition for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #39) is **GRANTED**.

2. The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $11,555.28 to Plaintiff's counsel in attorney fees for representation of Plaintiff before the Court.

3. The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of April, 2011.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge